UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVEN A. PATTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00699-TWP-MJD |
| | ) |
| INDIANA UNIVERSITY BOARD OF TRUSTEES, | ) |
| LORI REESOR, | ) |
| INDIANA UNIVERSITY POLICE DEPARTMENT Consolidated Party in 1:20-cv-1583-JRS-MJD, | ) |
| MONROE COUNTY PROSECUTORS OFFICE Consolidated Defendant in 1:20-cv-1583-JRS-MJD, | ) |
| REBECCA A. SCHUML Consolidated Defendant in 1:20-cv-1583-JRS-MJD, | ) |
| BOBBY THOMPSON Consolidated Defendant in 1:20-cv-1583-JRS-MJD, and | ) |
| JEFF KEHR Consolidated Defendant in 1:20-cv-1583-JRS-MJD, | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR LEAVE**

This matter is before the Court on a Motion for Leave to file an amended complaint against Defendants filed by *pro se* Plaintiff Daven A. Patton ("Patton") (Filing No. 86). Though this complaint would be Patton's Fourth Amended Complaint, for the reasons stated below, the Court finds it is in the interest of justice to **grant** Patton's motion for leave.

I.  **DISCUSSION**

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "The Supreme Court has interpreted [Rule 15(a)(2)] to require a district court to allow amendment unless there is a good reason—futility,

undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182–83 (1962)).

Patton seeks leave to file a fourth amended complaint because a state criminal case related to this federal civil matter has been dismissed, providing some finality to parts of this case absent during the filing of prior complaints (*see* Filing No. 91 at 5). Defendants contend that permitting the filing of a new complaint would be "futile" and maintain that most of the claims in the proposed complaint "are identical to those in the operative complaint and are similarly subject to dismissal." (Filing No. 88 at 4.) Defendants then go on to explain why each of the claims would be subject to dismissal. *Id.* at 5–15. Defendants conclude that "[g]ranting Patton's Motion would waste judicial resources and efficiency because, in doing so, the outcome remains the same: the parties will simply file additional motions to dismiss the newly operative complaint, seeking dismissal of the entire action—the same relief sought in all of the already-pending motions to dismiss." *Id.* at 15.

In reply, Patton notes that the "new proposed complaint reflects a change in material facts"; that is, "the favorable termination of the intimidation case" that had been brought against him (Filing No. 91 at 4). Additionally, Patton attached to his reply a corrected version of his proposed complaint (*see* Filing No. 91-1), thanking Defendants "for pointing out typos in the proposed complaint where the first four claims are missing and the damages asked for are reduced." (Filing No. 91 at 2). For their part, Defendants moved to strike this "corrected" complaint, arguing that his changes "alter the substance of the [complaint] and serve as yet another attempt by Patton to improperly fix the pleading deficiencies the Defendants criticized in their responses to the Motion." (Filing No. 94 at 3.) Indeed, Defendants continue, "[a]llowing Patton to amend his

complaint . . . would be in complete disregard of the Federal Rules of Civil Procedure and the Court's Local Rules." *Id.*

The Court disagrees with Defendants for the same reasons as described above—permitting Filing No. 91-1 to act as the operative complaint will provide definiteness reflecting resolution of the related state case. Moreover, Defendants can substantially rely on arguments they have already briefed and written, as they have recognized that many of the claims in this complaint remain the same as before (*see* Filing No. 94 at 3 ("Defendants' motions to dismiss the current operative pleading have been briefed extensively, and nothing Patton added . . . fundamentally alters those arguments."). Accordingly, the Court **denies** Defendants' Motion to Strike (Filing No. 94).

## I.     CONCLUSION

The Court **GRANTS** Patton's Motion for Leave (Filing No. 86) and **DENIES** Defendants' Motion to Strike (Filing No. 94). The operative complaint in this case is now Patton's Fourth Amended Complaint, found at Filing No. 91-1. It appears Patton inadvertently filed an identical document at Filing No. 92-1, and that filing is **STRICKEN**. All other pending motions are **DENIED as moot** (Filing No. 47; Filing No. 63; Filing No. 65; Filing No. 75; Filing No. 83). The Court will not permit Patton to file any additional amended complaints. The Court extends the dispositive motions deadline to **October 21, 2021** to allow Defendants—as they have forecast—to proceed in motions practice as they see fit relating to Patton's Fourth Amended Complaint.

Additionally, the Clerk is **DIRECTED** to remove Defendant "Lorraine Reesor 'Lori'" from the Docket as this appears to be a duplicate Defendant (paralleling Defendant "Lori Reesor") not reflected in Patton's Fourth Amended Complaint (*see* Filing No. 91-1 at 1).

**SO ORDERED.**

Date:  9/21/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DAVEN A. PATTON
3517 St. Thomas Blvd., Apt. B
Indianapolis, IN 46214

Curtis Matthew Graham
FREEMAN MATHIS & GARY, LLP
cgraham@fmglaw.com

Vivek Randle Hadley
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
vhadley@taftlaw.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Ann O. McCready
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
amccready@taftlaw.com

Kayla D Moody-Grant
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
KMoody-Grant@taftlaw.com

Casey C. Stansbury
FREEMAN MATHIS & GARY, LLP
cstansbury@fmglaw.com

Jeffrey D. Stemerick
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jstemerick@taftlaw.com